## MARTIN *v.* THE STATE.

1. Articles found upon the premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him, notwithstanding they were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures, nor of the due-process clauses of the State and Federal constitutions.
2. One convicted of the offense of making, manufacturing, or distilling whisky, under section 23 of the act of 1917 (Acts 1917, Ex. Sess., p. 7), which offense is by said act declared to be a felony, punishable by confinement in the penitentiary of the State for not less than one nor longer than five years, may, upon recommendation of the jury trying the case and the approval of the judge presiding on the trial, be punished as for a misdemeanor, under the Penal Code, § 1062.
3. The evidence authorized the verdict. None of the other assignments of error require special reference, or show cause for reversal.

No. 983. SEPTEMBER 14, 1918.

Indictment for making intoxicating liquor. Before Judge Mathews. Bibb superior court. February 22, 1918.

*Early W. Butler* and *John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

GEORGE, J. D. S. Martin was indicted for distilling whisky in violation of section 23 of the act of the General Assembly approved March 28, 1917. Acts 1917, Ex. Sess., p. 7. This section provides that "any person, firm, or corporation, who shall, within this State, distill, manufacture, or make any alcoholic, spirituous, vinous, malted, or mixed liquors or beverages, any part of which is alcoholic, shall be guilty of a felony and upon conviction therefor be punished by confinement and labor in the penitentiary for not less than one year nor longer than five years." The defendant was convicted, with recommendation to the mercy of the court. He was sentenced as for a misdemeanor. He made a motion for new trial, which was overruled by the court, and he excepted.

1. Two stills were found on lands of the accused, and a short distance from his home. Witnesses followed a wagon track from

or near the home of the accused through his fields to the stills. At one of the stills one or two barrels of cane-juice were found; also a piece of a terra cotta pipe and a keg. The barrels were sunk into the ground and were covered with sacks. Three barrels, also buried in the ground, were found at the second still. At the second still was a worm, some boxes, tin buckets, syrup-cans, and wood. The barrels at the second still were filled with fermented cane-juice. There was a cane-mill in the defendant's yard. The defendant, with others, was grinding cane. The State was allowed to prove that a keg containing about nine gallons of distilled whisky, made of cane-juice, was found at the bottom of a pile of cane pomace at the mill. The defendant objected to this testimony, and to the keg and whisky when later offered in evidence, upon the ground that the witnesses had no warrant for the arrest of the defendant and no warrant authorizing the search of his premises, and that no crime had been committed by the defendant in the presence of the witnesses (officers). It was therefore insisted that the evidence had been obtained by an unlawful search and seizure made upon the defendant's premises, in contravention of the due-process clause of the constitutions of the State and of the United States, and in contravention of the constitution of the United States "which forbids an unlawful search and seizure without a warrant—section 6687, article 4, Code 1911 of Georgia." It appears that the defendant voluntarily consented to the search of his premises; but even if this were not true, the evidence was properly admitted over the objection urged. *Calhoun* v. *State*, 144 *Ga.* 679 (87 S. E. 893).

2. Complaint is made of the following charge to the jury: "I read you from the law itself what the punishment prescribed by statute is of any one convicted of the offense charged under this indictment, that is, confinement in the penitentiary for not less than one nor more than five years. I charge you, however, that this is one of a class of felonies that may be reduced to a misdemeanor, that is to say, if the jury should believe the defendant guilty beyond a reasonable doubt, and should so find by their verdict, they can recommend him to the mercy of the court, and should the recommendation be approved by the court he would be punished as for a misdemeanor." The error assigned is that the offense charged in the indictment is not a reducible felony. Section 1062 of the Penal Code is as follows: "All felonies, except treason,

insurrection, murder, manslaughter, assault with intent to rape, rape, sodomy, fœticide, mayhem, seduction, arson, burning railroad-bridges, train-wrecking, destroying, injuring, or obstructing rail-roads, perjury, false swearing, and subornation of perjury and false swearing, shall be punished by imprisonment and labor in the penitentiary for the terms set forth in the several sections in this Code prescribing the punishment of such offenses; but on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, said crimes shall be punished as misdemeanors. If the judge trying the case sees proper, he may, in his punishment, reduce such felonies to misdemeanors." This section is codified from an act of 1895 (Acts 1895, p. 63). In 1917 the legislature declared it a felony for any person to distil, manufacture or make any alcoholic, spirit-uous, vinous, or malted or mixed liquors or beverages, any part of which is alcoholic, and provided that any person convicted of the offense shall be "punished by confinement and labor in the penitentiary for not less than one year nor longer than five years." We think it must be presumed that the legislature intended to bring the newly created felony within the operation of the general rule laid down in § 1062, supra, rather than to include it in the exceptions thereto. We do not overlook the rule that penal stat-utes are to be construed strictly, not against the citizen, but favor-ably and equitably for him. We are also mindful of the general principle that an offender must be punished within the limits of the punishment prescribed by the act creating the offense. The inter-pretation of a penal statute depends, not upon the application of any one rule of construction alone, but upon all the rules and legal reasons applicable to the case combined. The doctrine of implied repeal has no application in the present case. The punishment prescribed for the manufacture of whisky in the act of 1917, supra, is in no proper sense repugnant to the general rule provided in section 1062. Cf. *Bishop* v. *State,* 118 *Ga.* 799 (45 S. E. 614).

3. Several excerpts from the charge of the court are excepted to; but upon examination none of the assignments of error thereon show cause for reversal. The evidence authorized the verdict, and the judgment of the court in overruling the motion for new trial is therefore        *Affirmed. All the Justices concur.*