## Hysler *v.* The State.

Fish, C. J.   1. On the trial of a criminal case, incriminatory evidence is admissible against the accused notwithstanding it was discovered by his illegal arrest and unlawful search of his premises, where he was not compelled to produce such evidence; and this rule of evidence is not violative of the provision of the Federal constitution to the effect that no person shall be compelled to give testimony tending in any manner to criminate himself; nor does it contravene the constitutional prohibition of unreasonable searches and seizures; nor is it contrary to the due-process provision of the State and Federal constitutions; nor does it contravene so much of the fourteenth amendment of the Federal constitution as declares that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; . . nor deny to any person within its jurisdiction the equal protection of the laws." *Calhoun* v. *State*, 144 *Ga.* 679 (87 S. E. 893).

2. The exception to the instruction on the subject of reasonable doubt is without merit; nor are the assignments of error upon the instructions complained of in the fifth and sixth grounds of the motion for a new trial meritorious, when considered in connection with the judge's notes to those grounds.

3. The verdict was authorized by the evidence and the refusal of a new trial was not error.   *Judgment affirmed.   All the Justices concur.*

No. 984.   September 14, 1918.   Rehearing denied September 25, 1918.

Indictment for misdemeanor.   Before Judge Mathews.   Bibb superior court.   March 23, 1918.

*Early W. Butler* and *John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.