YAUGHAN *v.* THE STATE.

BECK, P. J.  1. The court properly informed the jury in the course of his instructions that the case against the defendant was based upon circumstantial evidence, and properly gave them in charge the definition of circumstantial evidence and the rule as to the sufficiency of circumstantial evidence as stated in the Penal Code, § 1010.  The fact

that this rule was somewhat elaborated in the charge was not injurious to the defendant, there being nothing in the court's elaboration of the principles stated in the statute to relax the strict requirement that to warrant a conviction on circumstantial evidence the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused.

2. There was nothing in the charge complained of upon the subject of circumstantial evidence to interfere with the jury's prerogative to decide whether or not the circumstantial evidence was sufficient to convict.

3. The provision in the act passed by the General Assembly of this State at its extraordinary session held in March, 1917, and approved March 28, 1917, entitled "An act to amend and supplement the prohibition laws of this State," etc., which declares that any one who distills, manufactures, or makes alcoholic or spirituous liquors, or malted liquor any part of which is alcoholic, within this State, shall be guilty of a felony, is not unconstitutional as violating the due-process clause of the fourteenth amendment to the constitution of the United States. *Delaney* v. *Plunkett*, 146 *Ga.* 547 (91 S. E. 561, L. R. A. 1917D, 926, Ann. Cas. 1917E, 685).

4. The contention that "the law of 1917 is in contravention with the Reed-Jones amendment of the prohibition act," as passed by Congress, is not sufficiently specific to raise a constitutional question for decision here.

5. The punishment for the offense charged in the indictment as prescribed in the statute is confinement in the State penitentiary for a term of not less than one nor longer than five years; and the judge properly instructed the jury that they had the right to recommend the defendant, in the event they found him guilty, to the mercy of the court, and that in case the court approved that recommendation the defendant would be punished as for a misdemeanor. The felony created by the prohibition law contained in the act first referred to above does not fall within any of the exceptions made in the statute relating to punishment in cases of felony and recommendations of the jury. Penal Code, §. 1062. *Martin* v. *State*, ante, 406 (96 S. E. 882).

6. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

No. 1033. NOVEMBER 14, 1918.

Indictment for making intoxicating liquors. Before Judge Mathews. Crawford superior court. April 29, 1918.

Charlie M. Yaughan was indicted for the offense of distilling and manufacturing alcoholic, spirituous, and other liquors. The jury trying the case returned a verdict finding the defendant guilty and recommending him to the mercy of the court. He made a motion for a new trial, which was overruled.

*John R. Cooper* and *R. H. Culverhouse,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.