### GROCE *v.* THE STATE.

FISH, C. J.  1. On the trial of a criminal case, incriminatory evidence is not inadmissible against the accused, notwithstanding it was discovered by his illegal arrest and by an unlawful search of his person and premises, where he was not compelled to produce such evidence. This rule of evidence is not violative of the constitutional provision to the effect that no person shall be compelled to give testimony tending in any manner to criminate himself; nor does it contravene the constitutional provision of unreasonable searches and seizures; nor is it contrary to the due-process provision of the State and Federal constitutions; nor does it contravene so much of the fourteenth amendment of the Federal constitution as declares that no State shall "deny to any person within its jurisdiction the equal protection of the laws." *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893) ; *Hysler* v. *State,* ante, 409 (96 S. E. 884).

(*a*) While the accused was in the custody of a deputy sheriff who had no warrant for his arrest, and not under circumstances legally authorizing his arrest without a warrant, the following, in effect, occurred:  The deputy asked the accused where were his keys. The latter replied that he had none. The deputy inquired of the accused if he had a pistol, and the answer was, no. The deputy, without the consent of the accused, put his hand in the latter's pocket and took therefrom a bunch of keys, and without a search warrant entered the dwelling of the accused, and with the keys unlocked two trunks found therein, and took from each of them a pistol. Under the rule above announced, this evidence, including the keys, weapons, and cartridges found therein, in connection with other circumstances adduced upon his trial, was admissible against the accused.

2. One ground of the amendment to the motion for a new trial complains that the court erred in admitting, over objection of the accused, a statement claimed to have been made by him at the coroner's inquest, the ground of objection being that it was not freely and voluntarily made. The objection is without merit, as the undisputed evidence in the record is to the effect that the statement was made at the request of the accused himself, that he was not sworn as a witness, and that nothing was said or done by the coroner, or any one else, to even induce him to make a statement, and that it was entirely free and voluntary.

3. It is not error to charge the jury to the effect that in determining whether or not evidence of good character is sufficient to generate a

doubt as to the guilt of the accused, such evidence should be considered with the other testimony in the case. *Fordham* v. *State*, 125 *Ga.* 791 (54 S. E. 694).

4. There is no merit in the assignments of error upon the instructions of the court to the jury on the subjects of motive, malice, and alibi.

5. The evidence though circumstantial is sufficient, under the rule applicable to that character of evidence, to authorize a verdict of guilty.

*Judgment affirmed. All the Justices concur.*

No. 1091. NOVEMBER 14, 1918.

Indictment for murder. , Before Judge Mathews. Bibb superior court. July 15, 1918.

*John R. Cooper* and *W. J. Wallace,* for plaintiff in error.

*Clifford Walker,* attorney-general, *John P. Ross,* solicitor-general, and *M. C. Bennet,* contra.