### JOHNSON *v.* THE STATE.

1. The fourth amendment to the constitution of the United States applies only to proceedings in the courts of the United States; it does not in any manner govern or regulate trials in criminal cases in State courts.

(a) The exemption from unreasonable searches and seizures contained in the fourth amendment to the Federal constitution is not one of the privileges and immunities of the citizens of the United States which the fourteenth amendment to that constitution forbids the State to abridge, nor is it an element of due process of law guaranteed by the fourteenth amendment against State action.

2. On the trial of a criminal case, incriminatory evidence which was taken from the person of the accused by one who had illegally arrested him and who discovered it by search of his person while he was under illegal arrest, if relevant, is not inadmissible as contravening paragraph 16 of section 1 of article 1 of the constitution of this State (Civil Code of 1910, § 6372), prohibiting unreasonable searches and seizures.

No. 2526. NOVEMBER 17, 1921.

Certiorari. Before Judge George L. Bell. Fulton superior court. March 16, 1921.

*S. C. Crane,* for plaintiff in error.

*John A. Boykin, solicitor-general, Roy Dorsey, solicitor,* and *E. A. Stephens,* contra.

GEORGE, J. The facts in this case are brief. James Johnson was tried and convicted in the criminal court of Atlanta, for the offense of carrying concealed weapons. Upon the trial a detective of the City of Atlanta testified as follows: "In the performance of my duty [as city detective] I arrested the defendant, . . in the City of Atlanta, Fulton County, upon suspicion of burglary. I had information that he had a pistol concealed on his person. Upon arresting him I searched his person, and while searching his person a pistol slipped out of his shirt and it was picked up. I had no warrant for his arrest, and this defendant was never prosecuted for any offense except the charge of carrying concealed weapons. . . The pistol was concealed from view at the time of the search." Counsel for the defendant moved to exclude the testimony of the witness, because the evidence was obtained by violating the right secured to the defendant by the fourth amendment to the constitution of the United States and by paragraph 16 of section 1 of article 1 of the constitution of this State (Civil Code of 1910, § 6372). The court overruled the objection, and adjudged the defendant guilty. Whereupon he presented his petition for certiorari to the judge of the superior court. Sanction of the writ was refused, and the defendant excepted. The single assignment of error here insisted upon is that the court erred in overruling the motion to exclude the evidence of the witness, upon the grounds urged; the contention being that the prohibition against unreasonable searches and seizures contained in the fourth amendment to the constitution of the United States is, by virtue of the provision of the fourteenth amendment to that constitution, one of the privileges and immunities of the citizens of the United States, which may not be abridged by the States, and that the right of the citizen to be secure in his person against unreasonable searches and seizures is a right included in the conception of due process of law guaranteed by the fourteenth amendment.

The first ten amendments to the constitution of the United States — including of course the fourth — refer to powers exer-

cised by the government of the United States, and not to those of the individual States. In other words, the fourth amendment is not concerned with State action, and deals only with Federal action. Almost from the beginning this principle has been consistently recognized by the Supreme Court of the United States. Barron v. Baltimore, 7 Pet. 243 (8 L. ed. 672); Fox v. Ohio, 5 How. 410, 434 (12 L. ed. 213); Twitchell v. Commonwealth, 7 Wall. 321 (19 L. ed. 223); Brown v. New Jersey, 175 U. S. 172 (20 Sup. Ct. 77, 44 L. ed. 119). Twining v. New Jersey, 211 U. S. 78, 93 (29 Sup. Ct. 14, 53 L. ed. 97), and Minn. &c. R. Co. v. Bombolis, 241 U. S. 211, 217 (36 Sup. Ct. 595, 60 L. ed. 961, L. R. A. 1917A, 86, Ann. Cas. 1916E, 505), are among the leading cases in point. See *Loeb* v. *Jennings,* 133 *Ga.* 796 (67 S. E. 101, 18 Ann. Cas. 376).

With respect to the further contentions of plaintiff in error, kindred questions were raised in Adams v. New York, 192 U. S. 585 (24 Sup. Ct. 372, 48 L. ed. 575), and Consolidated Rendering Co. v. Vermont, 207 U. S. 541 (28 Sup. Ct. 178, 52 L. ed. 327, 12 Ann. Cas. 658), but the questions were left undecided, as those cases were disposed of on other grounds. In the leading case of Twining v. New Jersey, 211 U. S. 78 (supra), it was decided that " the first eight amendments are restrictive only of national action; and while the fourteenth amendment restrained and limited State action, it did not take up and protect citizens of the States from action by the States as to all matters enumerated in the first eight amendments," and that exemption from compulsory self-incrimination in the State courts is not secured by the fifth amendment to the Federal constitution, nor is it one of the fundamental rights, immunities, and privileges of citizens of the United States, or an element of due process of law within the meaning of the Federal constitution or the fourteenth amendment thereto. This case is in principle controlling. See also Minn. &c. R. Co. v. Bombolis, supra. It is insisted, however, that the decision in Twining v. New Jersey, supra, is modified and in effect overruled by the recent decisions of the Supreme Court of the United States in Gouled v. U. S., 255 U. S. 298 (41 Sup. Ct. 261, 65 L. ed. ), and Amos v. U. S., 255 U. S. 313 (41 Sup. Ct. 266, 65 L. ed. ). In Gouled's case it was ruled:

" The prohibition of const. amend. 4, against unreasonable searches and seizures, is violated when a representative of any branch or subdivision of the government gains entrance to the home or office of a person suspected of crime, by stealth, through social acquaintance, or in the guise of a business call, and subsequently makes a secret search, in the absence of the suspected person, and seizes papers to be used in evidence against him. The admission in evidence against a defendant of a paper secretly seized from his possession by a representative of the United States government, in violation of const. amend. 4, is contrary to const. amend. 5, providing that no person shall in any criminal case be compelled to be a witness against himself. . . The use in evidence of papers seized in a search unconstitutional under const. amend. 4 is in effect to compel defendant to become a witness against himself, contrary to amend. 5." It was further decided that the rule of practice (in force in the courts of the United States), that an objection first made at the trial to the introduction in evidence of a paper seized from the defendant is too late to be considered, does not apply where the paper was seized from the defendant by stealth and he did not know of its seizure until it was offered in evidence against him; that the rule of practice must not be allowed to prevail over a constitutional right; and that where a motion by defendant for return of papers as unlawfully seized has been denied before trial, it is the duty of the judge presiding at the trial to re-examine the question on the objection of the defendant to the introduction in evidence of the papers against him. In Amos's case it was held that a motion for the return of property unlawfully seized, made after the jury was sworn but before any evidence was offered, was not presented too late, and that the motion should have been granted. The rulings in Gouled's case were in answer to questions certified by the Circuit Court of Appeals for the Second Circuit. Amos was convicted in the district court of the United States for the Eastern District of South Carolina. We are not called upon to decide whether previous rulings of the Supreme Court of the United States are modified, and, if at all, to what extent, by the rulings in the cases last above considered. The principle that the first ten amendments to the constitution of the United States are not concerned with State action and deal only with Federal action is not affected. How-

ever, the recent cases seem to be consistent with Weeks v. U. S., 232 U. S. 383 (34 Sup. Ct. 341, 58 L. ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177), and Silverthorne Lumber Co. v. U. S., 251 U. S. 385 (40 Sup. Ct. 182, 64 L. ed. 319), at least the principle applied is but a logical extension of the doctrine laid down in these cases. The almost unvarying rule in State courts is that upon the trial of criminal cases the court, largely to avoid a collateral issue, will receive any competent evidence without inquiring into the means by which it has been procured. In answer to questions certified by the Court of Appeals, the rule was definitely accepted by this Court in *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893). An examination of the cases there reviewed will show that the general rule had been long in force in this State. The decision in *Calhoun* v. *State* was by a full bench of six Justices. The ruling there made is supported by Adams v. New York, 192 U. S. 585 (supra), and by other cases decided by the Supreme Court of the United States. Whether the rule tends to reduce the constitutional prohibition against unreasonable searches and seizures and compulsory self-incrimination of one accused of crime to mere forms of words, it is in fact well established and is binding upon us until reviewed and overruled.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*