## KENNEMER v. THE STATE.

1. On the trial of a criminal case, incriminating evidence, which was discovered by an unreasonable search and seizure of the effects of a defendant, is not inadmissible as contravening par. 16 of sec. 1 of art. 1 of the constitution of this State, prohibiting unreasonable searches and seizures.
2. The construction put by the Supreme Court of the United States upon the fourth amendment to the constitution of the United States, which operates solely as a limitation upon the power of the United States government, is binding upon this court only within the sphere of its operation; but it does not supersede and set aside the construction which this court has put upon the like provision in the constitution of this State, and which governs or regulates trials in criminal cases in State courts.
3. The former unanimous decisions of this court upon this question are binding upon this court until reviewed and reversed by a full bench.

No. 3255. AUGUST 18, 1922.

Indictment for possessing intoxicating liquor. Before Judge Wright. Walker superior court. May 4, 1922.

*G. E. Maddox* and *Rosser & Shaw,* for plaintiff in error.

*E. S. Taylor, solicitor-general,* and *J. F. Kelly,* contra.

HINES, J. There is but one question for decision in this case; and that question is, whether incriminating evidence, secured by the unlawful search of a defendant's automobile, and the seizure of intoxicating liquor therein, is admissible against the defendant in a prosecution for a violation of the prohibition law. This question has been decided by this court adversely to the defendant, and the principle is now firmly embodied in the law of this State. *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893); *Martin* v. *State,* 148 *Ga.* 406 (96 S. E. 882); *Hysler* v. *State,* 148 *Ga.* 409 (96 S. E. 884); *Groce* v. *State,* 148 *Ga.* 520 (97 S. E. 525); *Johnson* v. *State,* 152 *Ga.* 271 (109 S. E. 662); *McAllister* v. *State,* 17 *Ga. App.* 159 (2) (86 S. E. 412).

But it is insisted that the Supreme Court of the United States has taken a different view of this question. Gouled *v.* U. S., 255 U. S. 298 (41 Sup. Ct. 261, 65 L. ed. 647); Amos *v.* U. S., 255 U. S. 313 (41 Sup. Ct. 266, 65 L. ed. 654). That is true, so far as the provision of the Federal constitution on this subject affects the trial of criminal cases in the United States courts. After the above cases were decided, this court considered them, and adhered to its former rulings. *Johnson* v. *State,* 152 *Ga.* 271 (supra).

The provisions against unreasonable searches and seizures are identical in the constitutions of the United States and of this State. Civil Code, §§ 6372, 6687. The provision in the Federal constitution applies to, and is restrictive only of, national action. In the sphere of its action the construction put upon it by the Supreme Court of the United States is controlling and supreme; but "it does not in any manner govern or regulate trials in criminal cases in State courts." The provision in the State constitution is applicable alone to State action. Its construction by this court is controlling and supreme. Whatever may be the individual opinions of members of this court, as now constituted, on this subject, the unanimous decision of this court in *Calhoun* v. *State,* supra, is the law of this State, until reviewed and reversed as provided by law.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent.*