*James Maddox, solicitor,* contra, cited: *Ga. App. Rep.* 23/14, 369; 24/427; 25/506, 541; 27/751.

---

## 14127. PULLEN *v.* THE STATE.

1. On the trial of a criminal case incriminatory evidence is not inadmissible against the accused even though it was discovered by illegal arrest and by unlawful search of his person, where he was not compelled to produce such evidence.

2. In the absence of a timely and appropriate written request for fuller instructions, the charge to the jury sufficiently informed them that the burden was upon the State to establish the guilt of the accused.

3. While counsel should not be permitted to state in argument facts which are not in evidence, it is permissible to draw deductions from the evidence, and the fact that the deductions may be illogical, unreasonable, or even absurd, is a matter for reply by adverse counsel and not for rebuke by the court.

4. The evidence is ample to support the verdict.

DECIDED MARCH 6, 1923.

Indictment for carrying concealed weapon; from Floyd superior court — Judge Wright. November 8, 1922.

*Bale & Lesser,* for plaintiff in error.

*E. S. Taylor, solicitor-general, J. F. Kelly,* contra.

BLOODWORTH, J.  A county policeman, upon receiving information that the plaintiff in error " had some whisky on his person," arrested him without a warrant, searched him, and " found a pistol and four pints of whisky on him." He was convicted of carrying concealed weapons. In his motion for a new trial he insists that he " was illegally arrested without a warrant, and while under such arrest was searched and forcibly required to furnish testimony against himself;" that " the evidence was in violation of the law providing that no person shall be compelled to give testimony tending in any manner to criminate himself;" and he asked that the evidence that the pistol was found in his pocket be ruled out. He insists also that the court erred in refusing to give a requested charge to the jury in reference to the alleged illegal arrest, and also the further charge, " if you find from the evidence submitted in this case that the arrest of the defendant was illegal, and that the arresting officer searched the defendant after such arrest and took from his person a pistol which was concealed on his person from its place of concealment, such search would be illegal, and it would be your duty to find the defendant not guilty."

The case of *Dozier v. State,* 107 *Ga.* 708 (33 S. E. 418), was a case where, as in this case, the accused, while under arrest for another offence, was searched and a pistol found concealed in his pocket. The first headnote of the decision in that case is as follows: " There was no error, on the trial of an indictment for carrying a concealed weapon, in allowing the sheriff to testify that the accused being in his custody, under a warrant for a criminal offense, he searched him and found a pistol concealed in his pocket." In the opinion Mr. Justice Little said: " Counsel for plaintiff in error contends that the sheriff should not have been

permitted to testify to the fact that having the plaintiff in error under arrest for another and different offence, he searched him and found in one of his coat pockets a pistol which was concealed, because the effect of this evidence was to compel the defendant to give evidence which tended to criminate himself; and we are cited to the following adjudications of this court to support that contention: *Day* v. *State,* 63 *Ga.* 667; *Blackwell* v. *State,* 67 *Ga.* 76; *Evans* v. *State,* 106 *Ga.* 519. An examination of these cases shows that the rulings made therein do not support such contention. . . . In the case at bar, however, the plaintiff in error was not compelled to furnish any evidence at all. The sheriff simply searched him and found a pistol concealed in his pocket. Whether the search was lawful or unlawful can make no difference as to the admissibility of the evidence. The question is did he have a concealed pistol about his person? *It was the sheriff who furnished the evidence and not the prisoner.* This point has been expressly ruled by this court in the case of *Williams* v. *State,* 100 *Ga.* 511, against the contention of the counsel for the plaintiff in error. In that case Presiding Justice Lumpkin delivered a well-considered opinion in which it is said: ' We know of no law in Georgia which renders inadmissible in evidence the fruits of an illegal and wrongful search and seizure; nor are we aware of any statute from which it could be logically gathered that the admission of such evidence violates any recognized principle of public policy.' So that even admitting that the search of the person of the plaintiff in error by the sheriff was illegal — which it does not appear to be — the evidence of the sheriff was nevertheless admissible." (Italics ours.) In this case, as in the case from which we have just quoted, it was the officer who furnished the evidence and not the prisoner. The accused was not forced to produce evidence against himself.

In *Springer* v. *State,* 121 *Ga.* 155 (2) (48 S. E. 907), the Supreme Court held: " Evidence that a witness searched the person of the accused and discovered a concealed pistol on his person is not rendered inadmissible because the witness may not have had a legal right to make the search." In *Groce* v. *State,* 148 *Ga.* 520 (1) (97 S. E. 525), the Supreme Court held: " On the trial of a criminal case, incriminatory evidence is not inadmissible against the accused, notwithstanding it was discovered by his illegal arrest

and by an unlawful search of his person and premises, where he was not compelled to produce such evidence. This rule of evidence is not violative of the constitutional provision to the effect that no person shall be compelled to give testimony tending in any manner to criminate himself; nor does it contravene the constitutional provision of unreasonable searches and seizures; nor is it contrary to the due-process provision of the State and Federal constitutions; nor does it contravene so much of the fourteenth amendment of the Federal constitution as declares that no State shall ' deny to any person within its jurisdiction the equal protection of the laws." See cases cited. See also: *Martin* v. *State,* 148 *Ga.* 406 (1) (96 S. E. 882); *Kennemer* v. *State,* 154 *Ga.* 139 (113 S. E. 551); *Johnson* v. *State,* 152 *Ga.* 271 (109 S. E. 662, 19 A. L. R. 641.) In the opinion in the latter case Justice George said: " The almost unvarying rule in State courts is that upon the trial of criminal cases the court, largely to avoid a collateral isue, will receive any competent evidence without inquiring into the means by which it has been procured. In answer to questions certified by the Court of Appeals, the rule was definitely accepted by this court in *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893). An examination of the cases there reviewed will show that the general rule had been long in force in this State. The decision in *Calhoun* v. *State* was by a full bench of six Justices. The ruling there made is supported by Adams *v.* New York, 192 U. S. 585 (supra), and by other cases decided by the Supreme Court of the United States." The principle announced in the foregoing cases disposes of grounds 1 and 2 of the amendment to the motion for a new trial. What we are here holding has been so long and so firmly fixed as the law of this State that we refuse the request of counsel for plaintiff in error that the question be again certified to the Supreme Court.

2. In his instructions to the jury the judge said: " He (the defendant) says he is not guilty, and the law presumes him innocent, and before you would be authorized to find him guilty the evidence must establish his guilt to a moral and reasonable certainty and beyond a reasonable doubt." In the absence of a timely and appropriate written request for fuller instructions, the foregoing excerpt from the charge sufficiently informed the jury that the burden was upon the State to establish the guilt of the

accused. *Neal* v. *State,* 26 *Ga. App.* 647 (2) (106 S. E. 913);
*Finch* v. *State,* 24 *Ga. App.* 339 (2) (100 S. E. 793).

3. The accused was on trial for carrying concealed weapons.
A witness swore: "I am a county policeman of Floyd county,
located at Lindale. I received information that the defendant had
some whisky on his person. I arrested him, searched him, and
found a pistol and four pints of whisky on him. . . This
whisky was concealed in his *pockets.*" (Italics ours.) In his ar-
gument to the jury the solicitor-general said: "The evidence
shows that the defendant is a boot-legger." Thereupon counsel
for the accused asked for a mistrial, contending that the language
of the solicitor-general was improper and imputed to the accused
a crime "for which he was not on trial, and of which there
was no evidence against him," and alleging that the court "did
not rebuke said improper language or give any instructions to the
jury to disregard the same, merely saying to the solicitor-general,
'Well, go on.'" In *Owens* v. *State,* 120 *Ga.* 210 (3) (47 S. E.
545), the Supreme Court held: "While counsel should not be
permitted in argument to state facts which are not in evidence,
it is permissible to draw deductions from the evidence; and the
fact that the deductions may be illogical, unreasonable, or even
absurd, is matter for reply by adverse counsel, and not for rebuke
by the court." In *Western & Atlantic R. Co.* v. *Morrison,* 102 *Ga.*
322 (29 S. E. 105, 40 L. R. A. 84, 66 Am. St. Rep. 173), Lump-
kin, P. J., said: "While the arguments of counsel should be con-
fined within legitimate bounds, they should not be too greatly re-
stricted. In *Spence* v. *Dasher,* 63 *Ga.* 432, Jackson, Justice, said:
'Counsel should have ample latitude in argument, and this court
will not interfere when it is allowed by the presiding judge, ex-
cept in cases of clear abuse of discretion and serious damage to the
party complaining.' Again, in *Inman* v. *State,* 72 *Ga.* 278, Justice
Blandford remarked: 'Counsel are allowed the largest liberty in
the argument of cases before juries, and whether the argument
be logical or illogical, or whether the inferences and deductions
drawn by them are correct or not, this court will have no power to
intervene.' And in *Taylor* v. *State,* 83 *Ga.* 659, the same Justice
remarked that a certain argument by counsel 'may have been very
illogical, but the court could not prevent counsel from drawing
illogical deductions from testimony which had been introduced.'

These are only a few of the instances in which it has been held that considerable latitude is to be allowed counsel in discussing their cases before juries." See also *Adkins* v. *Flagg*, 147 *Ga.* 136 (2 *a*) (93 S. E. 92), and citations. In *Milam* v. *State*, 108 *Ga.* 31 (33 S. E. 819), Lewis, J., speaking for the court said: "No certain rule could possibly be established, fixing the limit to which counsel in the discussion of facts in issue before a jury should go in drawing their deductions from the evidence. This is a matter of argument in which counsel should necessarily be allowed broad latitude, and whether the inferences drawn from the circumstances and facts proved in the case are legitimate or logical is a question for the jury to pass upon and not for the court to undertake to control." When the facts of this case are considered, can it be said that the statement of the solicitor-general, that the accused was a boot-legger, was not a legitimate inference from the facts? However, " counsel has the right in argument to draw such inferences as he may see fit from the evidence adduced, and, provided these inferences are properly sustained by evidence, it is not necessary that they be logical." *Holmes* v. *State*, 7 *Ga. App.* 570 (2) (67 S. E. 693). " Argument is not necessarily illegal because it is highly illogical." Under the facts of this case the refusal of the court to declare a mistrial because of the remarks of the solicitor-general as set out in the motion for a new trial does not require a reversal of the judgment.

4. The evidence was ample to support the finding of the jury, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*