## LESTER *v.* THE STATE (two cases).

1. The verdicts are supported by evidence; and the court did not err in overruling the general grounds of the motions for new trial.

2. The testimony referred to in the first special ground of the motion of Helen Lester, and objected to as irrelevant, was not hurtful to her, and, considered in connection with other evidence, its admission was not erroneous.

3. An assignment of error that the court refused, on motion, to rule out all of the testimony offered by the State, as adduced from three named witnesses, referring to the brief of evidence, but not setting out or stating the substance of the testimony, is not complete, and raises no question for decision.

4. It is not error to refuse a request for instruction which does not contain correct principles of law applicable to the case on trial. The request of counsel that the Supreme Court review and overrule its former decisions relating to admissibility of evidence obtained by unlawful search and seizure, and differing from the rule laid down by the Federal courts, is denied.

5. The instruction to the jury on flight as a basis for an inference of guilt stated a correct principle of law, and was authorized by the evidence, and was not subject to the criticism that it expressed an opinion of what was proved.

6. Evidence authorizing a finding that the crime was committed in Fulton County, Georgia, was sufficient to support the indictment which charged its commission at No. 78 Chestnut Avenue in Atlanta, Fulton County, Georgia.

Nos. 3702, 3705.   JULY 10, 1923.

Possessing intoxicating liquor. Before Judge Roop. Fulton superior court. March 14, 1923.

*Thomas B. Brown,* for plaintiffs in error.

*John A. Boykin, solicitor-general,* and *E. A. Stephens,* contra.

GILBERT, J. 1. The original motions for a new trial consist of the general grounds that the verdicts are contrary to law, contrary to evidence and without evidence to support them, contrary to evidence and the principles of justice and equity. The verdicts are supported by evidence, and the court did not err in overruling the motions based on these grounds.

2. The first ground of the amended motion of Helen Lester is as follows: "That on page nine of the brief of the testimony, and in the first five lines thereof, L. P. Higgins testified: There is a dining-table in the dining-room, and a china closet in there, and a place for cut glass. This scuffle between that woman and Mr. Whitley wasn't between this defendant and Whitley. All that dumping of whisky cans and throwing cans under the house

didn't occur between Mr. Whitley and this defendant, but between Mr. Whitley and the other party. Counsel for defendant moved the court to exclude all of that testimony, as being irrelevant and having nothing to do with defendant on trial. The motion was overruled, to which ruling of the court defendant then and there excepted, and now excepts and assigns the same as error, in that such statement by the witness was a mere conclusion of the witness, there being no evidence of whisky cans, and the admitting of the evidence would and did tend to prejudice the jury against defendant, in that the evidence objected to raised a presumption of guilt against defendant, of an offense which did not exist." This ground does not show cause for the grant of a new trial. The evidence was not hurtful to the accused, and, considered in connection with other evidence, its admission was not erroneous.

3. The second ground of the amended motion of Helen Lester is: "That on page eleven of the brief of evidence it will be observed that the State rested its case; whereupon counsel for movant moved the court to rule out and exclude all of the testimony offered by the State, as adduced from officers Evans, Whitley, and Higgins," on stated grounds. The grounds, set out in great elaboration, consist, in substance, of a complaint that the evidence obtained by the officers, and admitted by the court on the trial was obtained by means of an unlawful search and seizure of the premises of the accused, the search being made without a warrant and without the consent of the accused, and "forced and compelled defendant to disclose incriminating evidence against herself, in violation of her constitutional rights" under and by virtue of several designated sections of the constitution of the State of Georgia and of the United States. It is well settled that a ground of a motion for new trial must be complete within itself. *Shaw* v. *Jones*, 133 *Ga*. 446 (9) (66 S. E. 240); *Payne* v. *Lyon*, 154 *Ga*. 501 (114 S. E. 892). This ground does not set out any of the evidence, and therefore raises no question for decision. This ruling also applies to the first amended ground of the motion of Mattie Lester.

4. Helen Lester assigns error on the refusal of the court to give in charge to the jury the following material written request: "I charge you further, that if you find from the evidence that an entrance was made into the dwelling-house of the defendant by

policemen of the City of Atlanta, and that such entrance was made upon the information furnished by some one, or upon their mere suspicion, that the dwelling-house of the defendant Helen Lester contained whisky, and that such entrance was made without a search warrant, and without her volition and against her consent, and whisky therein contained was seized and the defendant was by the policemen arrested for having whisky in her house, then such entrance into the dwelling-house of the defendant, a search of the house and seizure thereof of whisky, and the arrest of the defendant would be unlawful. I charge you further, if an entrance was made into the dwelling-house of the defendant, and a search made therein for whisky, and if whisky said to be therein was seized, and the defendant arrested, as I have heretofore described to you, and the same was done for the purpose of obtaining the evidence disclosed to you by the policemen as being found in her house, and the defendant was thusly involuntarily compelled, in obedience to the will of the officers, to reveal the evidence of a crime which she would not have disclosed but for the fact her will and volition was nullified or supplanted by that of the policemen, or any other person or persons acting in conjunction with the policemen, and you believe that and believe it beyond a reasonable doubt, you would be authorized to find the defendant not guilty. On the other hand, if you believe that an entrance was made into the dwelling-house of the defendant and that house was searched and whisky seized and defendant was arrested for having or allowing whisky in her house, and that such entrance, search, seizure, and arrest was lawful, and you believe it beyond a reasonable doubt, you would be authorized to find the defendant guilty." This request does not contain correct principles of law applicable in this State, and therefore the court did not err in refusing the same. *Kennemer* v. *State,* 154 *Ga.* 139 (113 S. E. 551), and authorities therein cited. The brief of counsel for plaintiff in error contains the following: " Plaintiff in error comes now and moves this the Supreme Court of Georgia to preside with a full bench of six judges, as is prescribed in section 6207 of the Code of Georgia for 1910, and review, reverse, overrule, or modify the following cited cases heretofore announcing the rule that evidence obtained by unlawful and unreasonable search and seizure is admissible, as the case at bar comes within the ruling and

conforms to the principles of law laid down in the cases of *Williams* v. *State,* 100 *Ga.* 511; *Duren* v. *City of Thomasville,* 125 *Ga.* 1; *Calhoun* v. *State,* 144 *Ga.* 679; *Johnson* v. *State,* 152 *Ga.* 271; *Martin* v. *State,* 148 *Ga.* 406; *Hysler.* v. *State,* 148 *Ga.* 409; *Groce* v. *State,* 148 *Ga.* 520; *Kennemer* v. *State,* 154 *Ga.* 139." It is an unvarying rule of this court that all cases shall be decided by the entire court consisting of six judges unless one or more of them shall be absent for providential or other like cause. Therefore the portion of the request with respect to the court sitting as a whole was not necessary. We have carefully considered the request in regard to overruling the cases named. These cases, while differing from the rule laid down in the Federal courts, constitute matured and consistent conclusions in a long number of decisions of this court. The request is therefore denied.

5. Mattie Lester, assigns error upon the following instructions to the jury: "I charge you, gentlemen, that flight, if any, and similar acts, if proven, from which an inference of guilt may be drawn, may be considered by the jury, but flight is subject to explanation. The weight to be given it, or whether the jury will draw an inference of consciousness of guilt or not, is for the jury. It is for the jury to determine whether the flight of the defendant, if such has been proven, was due to a sense of guilt or other reasons; if from other reasons, no inference hurtful to defendant must be drawn by the jury." The criticism is that the charge on flight was prejudicial to the defendant, in that it expressed an opinion by the court of what had and had not been proved, "and that it applied a principle of law to the case not applicable, because the evidence fails to show any consciousness of intent other than to avoid an illegal arrest or destroy evidence illegally obtained." There was evidence tending to show that the accused, Mattie Lester, when the officers approached "grabbed the liquor in a basket and ran, and Officer Higgins and myself [Officer Whitley] gave chase, a good long block from the house to Butler Street, and caught her, she dropped the basket and grabbed one can and ran on with it, and when we caught her she throwed it down on the sidewalk, tried to bust it but it happened not to bust, just made a little dent in it, at the time we caught her; she had one gallon of whisky in a tin can; we went back and picked up the basket with some napkins in it and another gallon of whisky; that was corn

liquor." Accordingly the charge stated a correct principle of law, and was authorized by the evidence.

6. In another ground of the motion for a new trial Mattie Lester complains that the venue in the case was not proved " as laid in this bill of indictment; that the exact locus of the venue is not proven beyond a reasonable doubt." The indictment charged that the crime was committed at No. 78 Chestnut Avenue in Atlanta, Fulton County, Georgia. There was evidence adduced on the trial which authorized the jury to find that the crime was committed in Fulton County, Georgia, which was sufficient.

7. The above rulings cover all of the grounds of the motion for new trial in both cases.

*Judgment affirmed. All the Justices concur.*