## 15101. RIGGS v. THE STATE.

BLOODWORTH, J. 1. "When alibi is the only defense set up by a defendant in a criminal case, and this defense is sustained by testimony, the jury should be properly instructed in the rules governing the consideration of the subject of alibi, even in the absence of a request, and although the defense of alibi is included in the general plea of 'Not guilty'. It is the duty of the court to instruct the jury, without request, in the law applicable to the substantial issues presented by the evidence." *Hobbs* v. *State*, 8 *Ga. App.* 54 (3) (68 S. E. 515). See also

*Holland* v. *State,* 17 *Ga. App.* 311 (86 S. E. 739). Under the rulings in the foregoing cases, the judge erred in overruling the motion for a new trial.

2. Those grounds of the motion for a new trial which allege that the court erred in admitting evidence obtained by a search under an illegal warrant, are without merit. *Pullen* v. *State,* 30 *Ga. App.* 24 (116 S. E. 871), and cases cited in the opinion. See also *Johnson* v. *State,* 152 *Ga.* 271 (109 S. E. 662, 19 A. L. R. 641), and cases cited in the opinion.

3. As this case is to be tried again, and the questions raised by the other grounds of the amendment to the motion for a new trial are not likely to recur, it is unnecessary to pass upon them.

*Judgment reversed. Luke, J., concurs. Broyles, C. J., dissents.*

DECIDED JANUARY 17, 1924.

Accusation of possessing intoxicating liquor; from city court of Bainbridge—Judge Spooner. October 8, 1923.

*Erle M. Donalson,* for plaintiff in error.

BROYLES, C. J., dissenting. Under the facts of the case I do not think the failure of the court to instruct the jury upon the law of alibi was error.