## 18484. HAWKINS *v.* THE STATE.

BROYLES, C. J. 1. Although the evidence connecting the accused with the offense charged was wholly circumstantial, this court can not hold that it was insufficient to authorize the jury to find that it excluded every *reasonable* hypothesis save that of his guilt.

2. The denial of the defendant's motion for a mistrial, based upon alleged improper remarks of the solicitor-general in his argument to the jury, was not an abuse of the court's discretion. The defendant was being tried for possessing whisky, and the evidence authorized the jury to find that on the date alleged in the indictment he was in possession of 240 gallons of whisky. The remarks objected to were: "Gentlemen of the jury, you have the big boy there and the fountain source of this business." This statement by the solicitor-general was clearly a deduction drawn from the evidence and one which he had a right to draw. "While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court." *Owens* v. *State,* 120 *Ga.* 209 (3) (47 S. E. 545); *Pullen* v. *State,* 30 *Ga. App.* 24 (3) (116 S. E. 871), and cit. The two cases cited by counsel for the plaintiff in error are distinguished from the instant case in that in those cases the remarks complained of were not authorized by any evidence whatsoever nor by any inferences or deductions therefrom.

3. The refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 13, 1927.

Possessing liquor; from Hall superior court—Judge I. H. Sutton. September 6, 1927.

*B. P. Gaillard Jr.,* for plaintiff in error.
*Robert McMillan, solicitor-general, E. D. Kenyon,* contra.

Criminal Law, 16 C. J. p. 896, n. 85; p. 897, n. 86; 17 C. J. p. 267, n. 93.
Intoxicating Liquors, 33 C. J. p. 762, n. 61.