## 26268. TURK *v.* THE STATE.

DECIDED MAY 5, 1937.

*Ernest Watts, Swift Tyler Jr.,* for plaintiff in error.
*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. This writ of error involves the conviction of William Turk (plaintiff in error) of the operation of a certain species of lottery commonly denominated "the number game" or "the bug game."

This court has had occasion, many times before, to deal with this type of lottery. Witness *Guthas* v. *State*, 54 *Ga. App.* 217 (187 S. E. 847); *Arnold* v. *State*, 54 *Ga. App.* 230 (187 S. E. 597); *Johnson* v. *State*, 54 *Ga. App.* 260 (187 S. E. 679); *Ransome* v. *State*, 53 *Ga. App.* 490 (186 S. E. 436); *Hughes* v. *State*, 52 *Ga. App.* 199 (182 S. E. 807); *Flynn* v. *State*, 52 *Ga. App.* 382 (183 S. E. 194); *Berry* v. *State*, 51 *Ga. App.* 34 (179 S. E. 403); *Cutcliff* v. *State*, 51 *Ga. App.* 40 (179 S. E. 568); *Sable* v. *State*, 48 *Ga. App.* 174 (172 S. E. 236); *Thweatt* v. *State*, 48 *Ga. App.* 389 (172 S. E. 810); *Steyers* v. *State*, 48 *Ga. App.* 785 (173 S. E. 439). In this lottery the purchaser of a ticket selects a number of three digits, such as 236, 541, etc., and places thereon any amount of money he chooses. The winning number or combination is determined by the hundred thousand, the ten thousand, and the thousand digits of the total number of bond sales of the New York Stock Exchange for that particular day. Thus, if the number of bond sales totals 1,340,000, the winning combination is 340; or if the total sales are 1,940,600, the winning combination is 940, etc. These tickets are written and sold by agents who are known as writers. Each writer covers a different section of the city. They are equipped with books on the order of a sales book, each book containing 50 tickets in triplicate. The original ticket is yellow, and goes to the headquarters of the lottery. The first carbon slip is turned over to the purchaser for his record, and the other carbon slip is retained by the writer. On each ticket is written the number chosen by the purchaser, the date, the amount of money wagered, the initials of the purchaser, and the identification number or initial of the writer. The New York Stock Exchange closes at 2 p. m., and at that time the total bond sales are released. Therefore no tickets are sold after this time. Shortly before two o'clock these tickets are collected from the writers, or from stations where the writers have delivered them, by men in automobiles, known as "pick-up men," and are in turn delivered by them to headquarters, or to another "pick-up man," known as a "master pick-up man," who delivers the tickets

to headquarters. The defendant is in the embarrassing situation of having been apprehended by officers, about 1:55 p. m. driving an automobile in which they found concealed 300 yellow lottery tickets, all written that day by various writers, and a sack containing $3.96 in cash, two one-dollar bills and the remainder in nickels and dimes. Indeed the situation is so embarrassing that we think it sufficient to support his conviction of participation in the operation of a lottery. Under similar and less incriminating circumstances this court has upheld convictions. See cases already cited. The officers testified that while following the defendant they saw him lean over in the automobile as if attempting to hide something and because of this they were able to find the tickets concealed under the dashboard, which fact further fortifies the verdict of guilty. Neither the evidence nor the defendant's statement offers any reasonable hypothesis save that of his guilt.

■ One of the assignments of error in the petition for certiorari is as follows: "Because the court erred in failing to charge in substance that the jurors are the sole judges of the evidence and the law as given them in charge by the court." We find no merit in this assignment. The Code, § 27-2301, does provide that "on the trial of all criminal cases the jury shall be the judges of the law and facts." However, it has been decided that it is not ground for reversal that the judge, without a request, failed to charge the jury that they were judges of the law and the facts. *Jones* v. *State,* 136 *Ga.* 157 (2) (71 S. E. 6); *Webb* v. *State,* 149 *Ga.* 211 (2) (99 S. E. 630); *Brown* v. *State,* 150 *Ga.* 756 (4) (105 S. E. 289); *Brantley* v. *State,* 154 *Ga.* 80 (6) (113 S. E. 200); *Mapp* v. *State,* 26 *Ga. App.* 479 (5) (106 S. E. 801); *Bivins* v. *State,* 29 *Ga. App.* 49 (3) (113 S. E. 57). Moreover, the court charged the jury that they were the judges of the facts; and where this is done, "they need not be instructed in the same connection that they are also judges of the law, if in the general charge as a whole they are correctly instructed as to the law." *Webb* v. *State,* 8 *Ga. App.* 430 (69 S. E. 601). Counsel for the defendant in his brief takes the position that this case differs from the *Webb* case, supra, "in that the court in this case instructs the jury that they are to take all the evidence in the case and all the facts and surrounding circumstances and the defendant's statement, and to arrive at their verdict from them,

without any reference as to applying the facts in the case to the law applicable in this case." We do not think this argument apposite to the assignment of error which we have quoted. It furnishes no legitimate ground of distinction. If counsel's contention be that the court failed to tell the jury to apply the facts of the case to the law applicable, in making up their verdict, a charge that they were the judges of the law and the facts (the failure to charge which is the subject of the present assignment of error) would not have cured this omission. However, this argument is not meritorious. Jurors are to be treated by courts and counsel alike as men of ordinary intelligence. It is not to be assumed that they would think it their duty to try the guilt of the defendant only on the facts, without regard to the law given them in charge. They must necessarily have thought, for it is obvious, that the judge gave them the law in charge so that they. might apply thereto the facts in determining the guilt of the defendant.

■ The next assignment of error in the petition for certiorari is as follows: "That the evidence relied upon by the State for conviction was seized by an unlawful search and seizure, and was violative of the defendant's constitutional right." This presents no question for adjudication. It does not appear from the assignment of error what evidence relied on by the State for conviction was seized by unlawful search and seizure, nor is it stated why the search and seizure was unlawful, or which section of the constitution was violated, nor does the assignment of error show that the evidence was objected to by the defendant on the trial. However, in this connection we call counsel's attention to the ruling of the Supreme Court in *Calhoun* v. *State,* 144 *Ga.* 679 (2) (87 S. E. 893), as follows: "Articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures." This ruling was followed in *Hysler* v. *State,* 148 *Ga.* 409 (96 S. E. 884); *Groce* v. *State,* 148 *Ga.* 520 (97 S. E. 525); *Johnson* v. *State,* 152 *Ga.* 271 (109 S. E. 662, 19 A. L. R. 641); *Kennemer* v. *State,* 154 *Ga.* 139 (113 S. E. 551); *Rawlings* v.

*State,* 163 *Ga.* 406 (4) (136 S. E. 448) ; *Herndon* v. *State,* 178 *Ga.* 832 (3) (174 S. E. 597). If anything in *Hughes* v. *State,* 2 *Ga. App.* 29 (58 S. E. 390), or *Jackson* v. *State,* 7 *Ga. App.* 414 (66 S. E. 982), is contrary to the above decisions, it must yield thereto. See *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42).

■ The exceptions to the charge of the court, to the effect that a misdemeanor may be committed by more than one person, and that all who ·counsel, procure, abet, aid, and assist in the commission of a misdemeanor are regarded in law as principal offenders, on the ground that there was no evidence to the effect that the defendant did aid or assist any other person in the carrying on of a lottery, is plainly without merit. See our discussion of the general grounds in division 1 of this opinion.

■ Assignment of error 6e in the petition for certiorari is not mentioned or discussed in the brief of counsel for the plaintiff in error, and is therefore treated as abandoned.

■ The judge did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*