## 29594. YORK v. THE STATE.

DECIDED APRIL 25, 1942.

*C. G. Battle*, for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye*, contra.

GARDNER, J. This defendant assigns error on the overruling and dismissing of a certiorari, the writ having been granted after his conviction in the criminal court of Fulton County of maintaining a lottery known as the "number game." In addition to the general grounds the defendant assigned error on three other grounds.

We will first deal with the special grounds, and in reverse order. Ground (h) contends that the court erred in permitting the officer to testify that the lottery tickets found in a sack on the floor board of the car, which defendant was operating and which was admittedly in his possession, were original lottery tickets. There is no merit in this contention. Ground (g) contends that it was error to admit testimony that in the same vicinity, on two successive days immediately before the arrest of the defendant, the

officers had observed the defendant operating an automobile and receiving packages from other parties. After receiving the packages the defendant left, eluding the officers. Under the whole record of the case we think this testimony was admissible for the purpose of showing that the defendant was what is known to the lottery game as a "pick-up man." We find no merit in this assignment of error. Ground (f) contends that the admission of testimony as to the manner in which the lottery game was operated was error. This court has held a number of times that this assignment of error is without merit. See *Turk* v. *State, 55 Ga. App.* 732 (191 S. E. 283).

As to the general grounds, in substance the record reveals that two officers of the City of Atlanta, on the day in question, had under arrest a woman for violating the lottery laws. The officers were looking for the defendant. They blocked the highway with the police car. The defendant came along, operating a car. With him were two small children, one eleven years old and the other twelve. On the floor board of the car, between the boys and the defendant, was a sack containing a large number of allegedly original lottery tickets, which tickets the officers testified were originals. After the defendant was removed from his car and placed in the police car with a negro woman who was under arrest, this conversation occurred between the negro woman and the defendant: The woman turned to York, after he got in the car, and said: "Well, Arthur they got us." He said, "They sure did." She said, "I'd like to know the son of a bitch that told on us." Arthur said, "Yes, I'd like to know too."

In his statement the defendant contended that the two boys had the sack and put it in the car, and that he knew not of its contents and had nothing to do with the sack. This evidence amply authorized the verdict. There is no merit in the general grounds.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*