32915. HUNTER *et al. v.* THE STATE.

Decided June 6, 1950. Rehearing denied June 24, 1950.

798

*James W. Arnold*, for plaintiffs in error.

*D. M. Pollock, Solicitor-General*, contra.

GARDNER, J. 1. Counsel for the defendant made on behalf of the defendant, a motion to suppress the evidence against the defendant substantially on the ground that the evidence obtained by the officers was illegally obtained; that the officers had no warrant for the arrest of the defendant; that they forced the defendant's car against the embankment; that they were not seeking to apprehend the defendant; that they had no information that the defendant was in that section; that the defendant was guilty of no conduct sufficient to arouse the suspicions of the officers; that the Constitution condemned the conduct of the officers and that the defendant was committing no crime in the presence of the arresting officers. There are many other assignments of error on the motion to suppress the evidence —more in detail than above set forth, but substantially to the same effect—that is to the effect that the court erred in admitting, over objections, evidence which counsel for the defendant contends was illegally procured. And that since the court overruled the motion of the defendant to suppress the evidence, it was tantamount to the direction of a verdict by the trial court.

So it is that if the court committed no error in overruling the motion to suppress the evidence, it committed no error in overruling the motion for a new trial on the general grounds as well as the special grounds, all of which goes to the competency of the evidence and not to the sufficiency of it to convict, if it was admissible. In our opinion the court did not err in overruling the motion to suppress the evidence and properly admitted it for the consideration of the jury.

2. There has been much written on the question presented here and counsel for the defendant files a very learned brief commenting upon the constitutional provision and decisions of this State and other States which he contends are controlling and on which he argues enthusiastically for a reversal. It would be needless for us to attempt to analyze this fine presentation and we will not attempt to do so. We will call attention to only a few decisions of this court and of the Supreme Court of this State which we think are binding on this court as precedents: *Williams* v. *State*, 100 *Ga.* 511 (28 S. E. 624); *Dozier* v. *State*, 107 *Ga.* 710 (33 S. E. 318). "There is a vast difference between searching the premises of one suspected of crime and seizing any evidence of guilt, and compelling the person under suspicion to himself produce the evidence upon which he could be convicted." *Duren* v. *Thomasville*, 125 *Ga.* 1 (53 S. E. 814); *Evans* v. *State*, 106 *Ga.* 519 (32 S. E. 659). See also *McIntyre* v. *State*, 190 *Ga.* 875 (11 S. E. 2d, 5, 134 A.L.R. 813), wherein Judge Jenkins in discussing this point said, "As to any such violation of the State Constitution, this court, in *Calhoun* v. *State*, 144 *Ga.* 679 (87 S. E. 893), by a unanimous decision held that, unless 'the accused be compelled to produce the incriminating evidence . . articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures.' In that case it was further held that such evidence 'is not inadmissible as contravening the constitutional provision that "No person shall be compelled to give testimony tending in any manner to criminate himself." ' This ruling was based upon decisions there cited, both of the

Supreme Court of the United States and of this court. This case was followed in *Hysler* v. *State,* 148 *Ga.* 409 (96 S. E. 884); *Martin* v. *State,* 148 *Ga.* 406, 407 (96 S. E. 882); *Groce* v. *State,* 148 *Ga.* 520 (97 S. E. 525); *Johnson* v. *State,* 152 *Ga.* 271 (2) (109 S. E. 662); *Herndon* v. *State,* 178 *Ga.* 832 (3), 844 (174 S. E. 597)."

*Bentley* v. *State,* 70 *Ga. App.* 490 (28 S. E. 2d, 660), is no doubt in point. In that case the officers chased the car of the defendant overtaking her several times and finally puncturing one of the tires with a pistol bullet and then blocking the roadway. The defendant alighted from the car with the switch keys in her hand. One of the officers took hold of the keys and the defendant, and the officers held the keys for thirty minutes or until the sheriff arrived. Thereupon the defendant released the keys and the officers by the use of them found in the trunk of the defendant's car contraband liquor. This court held that that evidence was admissible. See the many cases cited therein. See also the more recent cases, *Winston* v. *State,* 79 *Ga. App.* 711 (54 S. E. 2d, 354); *Polite* v. *State,* 80 *Ga. App.* 835 (57 S. E. 2d, 631).

The court did not err in overruling the motion to suppress the evidence, and did not err in overruling the motion for a new trial for the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*