33641. CLEMONS *et al. v.* THE STATE.

DECIDED JULY 16, 1951. REHEARING DENIED JULY 30, 1951.

*W. Paul Carpenter, Wesley R. Asinof,* for plaintiffs in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, B. B. Zellars, Charlie O. Murphy,* contra.

TOWNSEND, J. The defendants here were charged and convicted in the Criminal Court of Fulton County on an accusation charging them with the offense of keeping, maintaining and operating a lottery known as the number game. Upon conviction, they petitioned for writ of certiorari to the Superior Court

of Fulton County, which petition was overruled, and the exception is to this judgment.

Counsel for the defendants point out in their brief that there is but one question for determination, which is as follows: "Is evidence admissible in a criminal case, over the objection of the accused, where it has been obtained from her home under an unreasonable and unlawful search and seizure in violation of Article 16 of the State Constitution and the Fourth Amendment to the United States Constitution?" The writer's personal view regarding the rule allowing the admission of evidence obtained in violation of the State and Federal Constitutions has heretofore been expressed. See *Winston* v. *State*, 79 *Ga. App.* 711 (54 S. E. 2d, 354.) This view however, is concededly in conflict with an uninterrupted line of decisions of both this court and the Supreme Court. See *Williams* v. *State*, 100 *Ga.* 511 (28 S. E. 624) ; *Kennemer* v. *State*, 154 *Ga.* 139 (113 S. E. 551) ; *McIntyre* v. *State*, 190 *Ga.* 872 (11 S. E. 2d, 5) ; *Groce* v. *State*, 148 *Ga.* 520 (97 S. E. 525) ; *Calhoun* v. *State*, 144 *Ga.* 679 (87 S. E. 893) ; *Lester* v. *State*, 155 *Ga.* 882 (118 S. E. 674) ; *Johnson* v. *State*, 152 *Ga.* 271 (109 S. E. 662) ; *Martin* v. *State*, 148 *Ga.* 406 (96 S. E. 882) ; *Hysler* v. *State*, 148 *Ga.* 409 (96 S. E. 884) ; *Jackson* v. *State*, 156 *Ga.* 647 (119 S. E. 525) ; *Griggs* v. *State*, 29 *Ga. App.* 212 (114 S. E. 582) ; *Buffington* v. *State*, 33 *Ga. App.* 162 (125 S. E. 723) ; *Brown* v. *State*, 18 *Ga. App.* 288 (89 S. E. 342) ; *Croft* v. *State*, 73 *Ga. App.* 318 (36 S. E. 2d, 200) ; *Flagg* v. *State*, 65 *Ga. App.* 791 (16 S. E. 2d, 516) ; *Polite* v. *State*, 80 *Ga. App.* 835 (57 S. E. 2d, 631) ; *Winston* v. *State*, supra. That for a State court to admit evidence thus obtained is not in violation of the Fourth Amendment to the Constitution of the United States, see Wolf *v.* Colorado, 338 U. S. 25 (69 Sup. Ct. 1359, 93 L. ed. 1782) ; *Huff* v. *State*, 82 *Ga. App.* 545 (61 S. E. 2d, 787) ; *Hysler* v. *State*, supra. The request in the brief of counsel that this question be certified to the Supreme Court is declined. It is noted that in *Jackson* v. *State*, supra, the Supreme Court did review its previous decisions on this subject and refused to overrule them. The reason for the rule permitting the Court of Appeals to certify questions to the Supreme Court is to enable this court to thus ascertain an unestablished principle of law. Here this question is already well established and has been followed by this court in numerous decisions.

The judge of the superior court did not err in overruling the petition for certiorari for any reason assigned.

*Judgment affirmed.* *MacIntyre, P.J., and Gardner, J., concur.*