## 26340. ALLEN *v*. THE STATE.

DECIDED SEPTEMBER 8, 1937.

*C. L. Redman, B. B. Garland,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.

BROYLES, C. J. ■ The defendant was on trial, under the Code, § 74-9901, for refusing to give security for the maintenance and education of his alleged bastard child. The justice of the peace, before whom the defendant was brought and who had required him to give such security, was allowed to testify on the trial in the superior court that he decided on the hearing before him that the defendant was the father of the bastard child. The defendant objected to the evidence, on the ground that the only

issue before the justice was whether the defendant would give the required bond. We do not think that the admission of the evidence was reversible error. The Code, § 74-303, does not say that the justice of the peace *shall* require the putative father of a bastard child to give the bond. It merely says that the defendant *may* be required to do so. Evidently the justice, after hearing the facts of the case, has the discretion to require, or not to require, the putative father to give the security. However, even if the admission of the evidence were error, it was not harmful error, for the judge of the superior court instructed the jury that the defendant should be acquitted unless the State proved to *their* satisfaction, and beyond a reasonable doubt, that the defendant was the father of the child; and the other evidence in the case amply authorized the jury to find that the accused was the father of the child.

■ The alleged newly discovered evidence is not of such character as would probably cause a different verdict to be returned on another trial of the case.

■ The remaining special assignments of error are without substantial merit, and the verdict was amply authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*