33080. HUFF *v.* THE STATE.

546

DECIDED OCTOBER 26, 1950.

548

*Spence M. Grayson, Ernest J. Haar,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Herman W. Coolidge,* contra.

MacIntyre, P.J. ■ Under the facts of this case, the question is: does a conviction by a State court of Georgia for a State offense deny the "due process of law" required by the Fourteenth Amendment of the Constitution of the United States solely because evidence was admitted at the trial which was obtained under circumstances which would have rendered such evidence inadmissible in a prosecution for a violation of a Federal law in a court of the United States because the Federal courts deem the admission of such evidence an infraction of the Fourth and Fifth Amendments under the ruling in Weeks *v.* United States, 232 U. S. 383 (34 Sup. Ct. 341, 58 L. ed. 652), where it was held that in a prosecution in a Federal court the Fourth Amendment barred the use of evidence secured through illegal search and seizure?

In *Johnson* v. *State,* 152 *Ga.* 271, 272 (109 S. E. 662), decided in November 1921, after the decision in the Weeks case, in an opinion prepared for the Supreme Court of Georgia by Mr. Justice George, who is now a member from Georgia of the United States Senate and who is considered by many to be one of the great constitutional lawyers of the United States, the court said: "The first ten amendments to the Constitution of the United States—including of course the fourth [and fifth]— refer to powers exercised by the government of the United States; and not to those of the individual States. In other words, the fourth amendment [and the fifth] is not concerned with State action and deals only with Federal action."

In *Kennemer* v. *State,* 154 *Ga.* 139 (113 S. E. 551), decided in August 1922, after the decision in the *Weeks* case, it is said that the question of whether "incriminating evidence, secured by the unlawful search of a defendant's automobile, and the seizure of intoxicating liquor therein, is admissible against the defend-

ant in a prosecution for a violation of the prohibition law . . has been decided by this court adversely to the defendant and the principle is now firmly embodied in the law of this State [citing cases] . . but it is insisted that the Supreme Court of the United States has taken a different view of this question [citing cases] . . That is true, so far as the provision of the Federal Constitution on this subject affects the trial of criminal cases in the United States courts." The provisions against unreasonable searches and seizures in the Constitution of the United States and in the Constitution of the State of Georgia are identical. See Code § 1-804 for the provision of the Federal Constitution, and Code § 2-116 for that of Georgia. Each of these two sections, which are respective provisions of the State and Federal Constitutions, sets forth a basic substantive right and each should be enforced; but the rules of practice and procedure (adjective law) according to which these substantive laws, which happen to be the same, are administered may vary in the State and Federal courts without necessarily violating the Fourteenth Amendment of the Constitution of the United States; and, in the instant case where logically relevant evidence was obtained by an unreasonable search and seizure, it should not be excluded on the trial of a criminal case in a State court for a State offense merely because in a Federal prosecution for a crime it would be excluded under the United States Supreme Court's interpretation of the Fourth Amendment of the Constitution of the United States. The ruling of the Supreme Court of the United States "was not derived from the explicit requirements of the Fourth Amendment; it was not based on legislation expressing Congressional policy in the enforcement of the Constitution; [but] the decision was a matter of judicial implication." Wolf v. Colorado, 338 U. S. 25 (69 Sup. Ct. 1359, 93 L. ed. 1782).

The question presented in the instant case has been answered thus by the United States Supreme Court, "In a prosecution in a state court for a state crime, the Fourteenth Amendment of the Federal Constitution does not forbid the admission of relevant evidence even though obtained by an unreasonable search and seizure." Wolf v. Colorado, supra.

The cases of Johnson v. United States, 333 U. S. 10 (68 Sup.

Ct. 367, 92 L. ed. 436), and Trupiano v. United States, 334 U. S. 699 (68 Sup. Ct. 1229, 92 L. ed. 1663), upon which the defendant relies, involved trials in the Federal courts for Federal offenses.

As of June 27, 1949 (the date of the decision in Wolf v. Colorado, supra) the Supreme Court of the United States states, "31 States [of which Georgia is one, see Polite v. State, 80 Ga. App. 835 (57 S. E. 2d, 631)] reject the Weeks doctrine, 16 States are in agreement with it. Of 10 jurisdictions within the United Kingdom and the British Commonwealth of Nations which have passed on the question, none has held evidence by illegal search and seizure inadmissible."

■ The subsidiary questions argued in the brief of the plaintiff in error are so fully covered by the foregoing division that no further discussion of those questions is necessary.

■ Since the evidence objected to as having been obtained by an illegal search and seizure was properly admitted, under the ruling in division 1 of this opinion, the evidence authorized the verdict finding the defendant guilty as charged.

■ Special grounds 1 and 3 of the motion for a new trial are not argued, nor generally insisted on in the defendant's brief and are treated as abandoned.

The court did not err in overruling the motion for a new trial for any reason assigned.

Judgment affirmed. Gardner and Townsend, JJ., concur.