### 33358. HARPER v. MARTIN.

DECIDED APRIL 6, 1951.

*Joseph B. McGinty*, for plaintiff.
*J. T. Sisk*, for defendant.

WORRILL, J. In this case the record presents before this court

for determination the sole question of law whether or not the judge of the superior court erred in refusing to sanction the petition for certiorari. Code § 74-307 provides: "Either party, when charged as mentioned in this Chapter, may offer exculpatory affidavits or testimony to the justice of the peace, who may exercise in his discretion, after due inquiry being had, to discharge or bind over both or either of the parties in conformity with this Chapter." Upon the inquiry of the matter before the justice of the peace the evidence was conflicting, it made a question of fact, and the justice of the peace decided the question in favor of the defendant. Code § 74-307, supra, vested in the justice of the peace the right of discretion, either to discharge or bind over both or either of the parties, and the justice exercised such right in the matter in question. The discretion vested in the justice of the peace in such matters is not subject to review by any proceedings, whether that discretion be abused or not. See, in this connection, *Allen* v. *State,* 56 *Ga. App.* 353 (192 S. E. 658); *Garrett* v. *Rackley,* 32. *Ga. App.* 495 (123 S. E. 911); *Hyden* v. *State,* 40 *Ga.* 476 (2); *Strickland* v. *Hamilton,* 148 *Ga.* 820 (98 S. E. 471). *Allen* v. *State,* supra, held: "The Code § 74-303, does not say that the justice of the peace *shall* require the putative father of a bastard child to give the bond. It merely says that the defendant *may be* required to do so. Evidently, the justice, after hearing the facts of the case, has the discretion to require, or not to require, the putative father to give the security." And the justice's discretion is not subject to review by certiorari. *Garrett* v. *Rackley,* supra, holds: " 'The writ of certiorari will not lie to correct errors committed by a justice of the peace in proceedings under the Penal Code, § 1331 et seq., against the putative father of a bastard child, where judgment is rendered requiring the defendant to give security for the support of the child, and binding him over to the superior court upon his failure to give such security. Such is the ruling in the case of *Hyden* v. *State,* 40 *Ga.* 476; and upon formal review of that decision' the Supreme Court refused to overrule it. *Strickland* v. *Hamilton,* 148 *Ga.* 820." The decision of a justice of the peace sitting as a court of inquiry in a bastardy proceeding is no more subject to review by certiorari than such justice's decision sitting as a court of inquiry in a

690

committal trial in a criminal case whether the defendant is bound over or discharged. The contentions of the plaintiff in error are without merit because certiorari will not lie in such matter since the judgment of a justice of the peace discharging a defendant in a bastardy proceeding is not subject to review by certiorari.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*