### 35472. SIDEH *v*. THE STATE.

TOWNSEND, J. "Although evidence against a defendant in a criminal case may be obtained by peace officers in the course of an unlawful, unwarranted, unreasonable, and reprehensible search of the home of the defendant, in a flagrant violation of the Fourth Amendment of the Federal Constitution and article 1, section 1, paragraph 16 of the Constitution of the State of Georgia, this does not affect the admissibility of the evidence thus obtained. *Williams* v. *State*, 100 *Ga.* 511 (1) (28 S. E. 624, 39 L. R. A. 269)." *Winston* v. *State*, 79 *Ga. App.* 711 (2a) (54 S. E. 2d 354). See also *Huff* v. *State*, 82 *Ga. App.* 545 (61 S. E. 2d 787), and cases there cited. The conviction of operating a scheme for the hazarding of money known as boledo, based in part upon the admission of the defendant that he was the operator of the game, cannot, under the above authorities, be reversed on the ground that the conduct of the officers in obtaining evidence of the operation of a boledo game on the defendant's premises was illegal, in that they entered the premises without a search warrant, and that the evidence was therefore illegally obtained. Although the record is silent as to whether or not the officers had a search warrant, under the foregoing authorities, which are controlling in this State, the evidence would be admissible even if the premises were illegally entered and searched. The evidence supported the verdict as to the general grounds. Accordingly, the trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 21, 1955.

*James N. Rahal,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General,* contra.