37481. RICE *v.* THE STATE.

DECIDED JANUARY 13, 1959.

*Joseph B. Bergen, Bergen & Sparkman,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, James F. Glass, Jack H. Usher, Assistant Solicitors-General,* contra.

GARDNER, Presiding Judge. ■ We have set out the evidence in detail. Counsel for the defendant contend that the evidence was insufficient to sustain the conviction. When we consider the evidence of all the witnesses for the State we find that it is entirely sufficient to sustain the verdict, and the motion for a new trial as to the general grounds is not meritorious.

■ In the first special ground complaint is made that the testimony of Mrs. Athlee Crosby was erroneously admitted. We will discuss her testimony with the view of determining whether or not it is admissible as set out in this special ground. Her testimony is in direct line with testimony which this court decided was properly admissible in *Spence* v. *State,* 83 *Ga. App.* 588 (63 S. E. 2d 910) where it is said: "On the issue of intoxication, it is proper either for the witness to state the facts upon which he bases his opinion that the accused was under the influence of liquor, or, when he has had suitable opportunity for observation, to state whether or not the person was intoxicated and the extent thereof." The witness testified substantially that she observed the acts of the defendant and that he parked his car in the center of the street, left the car and staggered up a driveway towards a garage apartment; that he appeared drunk; that he was acting in a drunken manner; that she was about twenty feet away from him; that it was her opinion, from observing other drunken persons, that the defendant was drinking so that he was less capable of operating a motor vehicle than if he had not been drinking. It is our opinion that the testimony of Mrs. Crosby was admissible under the ruling of *Spence* v. *State,* 83 *Ga. App.* 588, supra, and other decisions to the same effect. The court's ruling as to the admissibility of this testimony was correct and the contentions based thereon are without merit.

■ We will deal with the other special grounds together: In

regard to the assignment of error because of alleged inadmissibility of testimony of police officers who observed the defendant some thirty minutes after the defendant parked the car, this contention is not meritorious. An officer answered Mrs. Crosby's call but the defendant did not open the door to the officer, whereupon the officer went back to the street, checked the license number of the car of the defendant, then called for other officers to come and assist him in obtaining admission to the apartment of the defendant; that when the wife of the defendant let the officers into the apartment the defendant "looked awful drunk" and that the defendant threatened to get the officer's job for mentioning that the defendant was driving under the influence of intoxicants; that the officers smelled liquor on the defendant's breath; that the defendant was unable to walk and that the officers had to assist him down the steps when they arrested him. One officer testified that it was his opinion that there was no possibility that the defendant could have "gotten in the [drunken] condition that he was in within thirty minutes"; that it would not have been safe for the defendant to drive a car in the condition the defendant was in then, nor during the previous thirty minutes. Another officer testified that the defendant was very much under the influence and that in the opinion of the witness it was less safe for the defendant to drive the car at the time that they saw him or thirty minutes before that time, by virtue of his inebriated condition, than it would have been had the defendant been sober.

The officers did not enter the house in a manner which would indicate illegal search and seizure. The wife of the defendant let them in. Nor was the testimony subject to being excluded because it dealt with the condition of the defendant at a time too remote from the time the defendant drove the car. See *Huff* v. *State*, 82 *Ga. App.* 545 (61 S. E. 2d 787). It follows that neither this special ground, nor any of the special grounds, shows cause for reversal.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*