37909. BENNETT *v.* THE STATE.

GARDNER, Presiding Judge. 1. The defendant was convicted in the City Court of Gwinnett County in that he did "while under the influence of intoxicating liquors and drugs, unlawfully drive and operate an automobile" upon a public highway. In order to convict one for driving under the influence of intoxicants this court has ruled that the evidence must show that the defendant was indeed drinking and that because of this condition his ability to drive was shown to be less safe than would have been his ability to drive without the intoxicants. See *Rice* v. *State,* 98 *Ga. App.* 803 (107 S. E. 2d 270). The only evidence in the case at bar regarding the ability of the defendant to drive is that of State Patrolman C. T. Lowry who came to the scene of the wreck about an hour after the collision occurred. He testified: "I did not see him drive. . . I am not testifying he was driving under the influence at the time of the accident." It follows that the testimony of this witness did not affirmatively show that the defendant was less able to drive than he would have been had he not had a drink. As to the general grounds the evidence is not sufficient to sustain the verdict.

2. There are three special grounds which are not meritorious under the record now before us. Special ground 1 assigns error because the court failed to charge the jury, without a request, on circumstantial evidence. This special ground is not meritorious. Special ground 2 contends that the court erred in failing to allow a certain question to be answered by a witness. That question was: "Did he tell you that he had asked for the law enforcement officers to be called?" We cannot see that refusal to allow this question to be answered was at all harmful to the defendant, in view of the entire record. Special ground 3 assigns error because it is alleged that the court erred in not admitting into evidence a civil suit filed in the Superior Court of Gwinnett County arising out of the same transaction, counsel contending that the admission of this suit would tend to substantiate the defendant's contention that he was not under the influence at the time of the accident and was not so charged in the civil suit. In view of our ruling, and in view of the whole record, this special ground does not show reversible error.

The court erred in refusing the grant of a new trial.

*Judgment reversed.* *Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 22, 1959.

*J. Ray Merritt,* for plaintiff in error.
*Chas. C. Pittard, Solicitor,* contra.